such orders are reversed to the extent such orders held that rents collected by the appellants constituted appellee's cash collateral prior to the date of appellee's November 18, 1991 motion for an order requiring appellants to turn over rents.[1]

SO ORDERED.

---

■

**BOSTON HARBOR INDUSTRIAL DEVELOPMENT CORP. et al., Appellants,**

v.

**CONNECTICUT GENERAL LIFE INSURANCE COMPANY, Appellee.**

**No. 92 Civ. 1986 (VLB).**

United States District Court, S.D. New York.

May 29, 1992.

Vincent J. Coyle, Jr., Rogers and Wells, New York City, for appellants.

Lorraine M. Weil, Hebb and Gitlin, Hartford, Conn., for appellee.

### ORDER

VINCENT L. BRODERICK, District Judge.

For the reasons stated and as more fully outlined on the record on May 26, 1992, the Bankruptcy Court's Order Determining Postpetition Rents to be Cash Collateral of Connecticut General Life Insurance Company dated February 14, 1992 and the Bankruptcy Court's Order Conditioning Debtors' Use of Rents and Providing Adequate Protection of Connecticut General Life Insurance Company's Interest in Rents dated February 14, 1992 are affirmed except that

---

1. In light of the instant order, it is unnecessary to rule on appellants' appeal of the Bankruptcy Court's February 25, 1992 order. The February 25, 1992 order, 137 B.R. 139, denied appellants' motion to reconsider those portions of the Bankruptcy Court's February 15, 1992 orders which are reversed by the instant order.